1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ANGELIQUE DAWN MOTT,                    Case No. 1:25-cv-01589-CDB (SS)

12              Plaintiff,                    ORDER GRANTING APPLICATION TO
                                             PROCEED *IN FORMA PAUPERIS* AND
13         v.                                DIRECTING CLERK OF THE COURT TO
                                             ISSUE SUMMONS, SCHEDULING ORDER,
14   COMMISSIONER OF SOCIAL                  AND CONSENT OR REQUEST FOR
     SECURITY,                               REASSIGNMENT DOCUMENTS
15
                Defendant.                   (Doc. 2)
16

17

18         Plaintiff Angelique Dawn Mott ("Plaintiff") initiated this action with the filing of a

19   complaint on November 19, 2025, seeking review of the final decision of the Commissioner of

20   Social Security denying disability benefits. (Doc. 1). Plaintiff did not pay the filing fee and instead

21   filed an application to proceed *in forma pauperis* (or "IFP") pursuant to 28 U.S.C. § 1915. (Doc.

22   2). For the following reasons, the Court finds issuance of the new case documents and Plaintiff's

23   application to proceed *in forma pauperis* appropriate.

24   **I.     Proceeding *In Forma Pauperis***

25         The Court may authorize the commencement of an action without prepayment of fees "by

26   a person who submits an affidavit that includes a statement of all assets such [person] possesses

27   [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

28   Here, the Court has reviewed Plaintiff's application and financial status affidavit (Doc. 2) and finds

1    the requirements of 28 U.S.C. § 1915(a) are satisfied.

2    **II.    Screening Requirement**

3    When a party seeks to proceed *in forma pauperis*, the Court is required to review the

4    complaint and shall dismiss the complaint, or portion thereof, if it is "frivolous, malicious or fails

5    to state a claim upon which relief may be granted; or … seeks monetary relief from a defendant

6    who is immune from such relief." 28 U.S.C. §§ 1915(b) & (e)(2). A plaintiff's claim is frivolous

7    "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not

8    there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S.

9    25, 32-33 (1992).

10    **III.    Pleading Standards**

11    A complaint must include a statement affirming the court's jurisdiction, "a short and plain

12    statement of the claim showing the pleader is entitled to relief; and a demand for the relief sought,

13    which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The

14    purpose of the complaint is to give the defendant fair notice of the claims, and the grounds upon

15    which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). As set forth

16    by the Supreme Court, Rule 8:

17
18    … does not require detailed factual allegations, but it demands more than an
      unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers
      labels and conclusions or a formulaic recitation of the elements of a cause of action
      will not do. Nor does a complaint suffice if it tenders naked assertions devoid of
19    further factual enhancement.

20    *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).

21    Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673

22    F.2 266, 268 (9th Cir. 1982). The *Iqbal* Court clarified further,

23
24    [A] complaint must contain sufficient factual matter, accepted as true, to "state a
      claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.
      544, 570 (2009). A claim has facial plausibility when the plaintiff pleads factual
      content that allows the court to draw the reasonable inference that the defendant is
25    liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin
      to a "probability requirement," but it asks for more than a sheer possibility that a
26    defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely
      consistent with" a defendant's liability, it "stops short of the line between possibility
27    and plausibility of "entitlement to relief."

28    *Iqbal*, 556 U.S. at 678. When factual allegations are well-pled, a court should assume their truth

1    and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are

2    not entitled to the same assumption of truth.  *Id*.  The Court may grant leave to amend a complaint

3    to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203

4    F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

5    **IV.      Discussion and Analysis**

6            Plaintiff seeks review of a decision by the Commissioner of Social Security denying

7    disability benefits.  (Doc. 1).  The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g),

8    which provides:

9               Any individual after any final decision of the Commissioner made
                after a hearing to which he was a party, irrespective of the amount
10              in controversy, may obtain a review of such decision by a civil
                action commenced within sixty days after the mailing to him of such
11              decision or within such further time as the Commissioner may
                allow. Such action shall be brought in the district court of the United
12              States for the judicial district in which the plaintiff resides or has his
                principal place of business…The court shall have power to enter,
13              upon the pleadings and transcript of the record, a judgment
                affirming, modifying, or reversing the decision of the Commissioner
14              of Social Security, with or without remanding the cause for a
                rehearing.
15

16   *Id*.  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be

17   reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).

18           On October 16, 2025, the Appeals Council denied Plaintiff's request for review of the

19   decision of the Administrative Law Judge denying Plaintiff's claim for benefits.  (Doc. 1 ¶ 8).  On

20   November 19, 2025, Plaintiff filed a complaint in this Court seeking judicial review of the

21   Commissioner's final decision.  *See id*.  Thus, Plaintiff's complaint is timely.  Plaintiff claims

22   residency in Kern County, California.  *Id*. ¶ 1.  Therefore, the Court has jurisdiction over this action.

23           ///

24           ///

25           ///

26           ///

27           ///

28           ///

1  **V.      Conclusion and Order**

2        Plaintiff's complaint states a cognizable claim for review of the administrative decision

3  denying Social Security benefits.   Accordingly, IT IS HEREBY ORDERED that Plaintiff's

4  application to proceed *in forma pauperis* (Doc. 2) is GRANTED.   The Clerk of Court is directed to

5  issue the following: 1) a Summons; 2) the Scheduling Order; 3) the Order re Consent or Request

6  for Reassignment; and 4) a Consent to Assignment or Request for Reassignment form.

7  IT IS SO ORDERED.

8      Dated:    **November 20, 2025**        _____

9                                            UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4